# United States Court of Appeals for the Federal Circuit

05-1204

CATHERINE LACAVERA,

Plaintiff-Appellant,

v.

JON W. DUDAS, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,

Defendant-Appellee.

Catherine C. Lacavera, of San Francisco, California, pro se.

John M. Whealan, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, argued for defendant-appellee. With him on the brief were Sydney O. Johnson, Jr. and James R. Hughes, Associate Solicitors.

Appealed from: United States District Court for the District of Columbia

Judge John D. Bates

# United States Court of Appeals for the Federal Circuit

05-1204

CATHERINE LACAVERA,

Plaintiff-Appellant,

v.

JON W. DUDAS, Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office,

Defendant-Appellee.

_____

DECIDED: February 6, 2006

_____

Before NEWMAN, MAYER, and GAJARSA, Circuit Judges.

MAYER, Circuit Judge.

Catherine Lacavera appeals the judgment of the United States District Court for the District of Columbia denying her motion for summary judgment and granting summary judgment in favor of the United States Patent and Trademark Office ("PTO"). Lacavera v. Toupin, Civ. Action No. 03-1469 (D.D.C. Nov. 30, 2004).[*] Because the PTO's decision to grant Lacavera limited recognition was consistent with its regulations and supported by the record, its regulations do not exceed the statutory authority, and it did not deny Lacavera equal protection, we affirm.

_____

[*] During the pendency of this appeal, at the PTO's request and with Lacavera's consent, Jon W. Dudas, Director of the PTO, was substituted for James Toupin, PTO General Counsel, as the defendant-appellee.

Background

The PTO has statutory authority to regulate attorney practice before it pursuant to 35 U.S.C. § 2(b)(2)(D) (2000), which provides:

> the [PTO] may establish regulations, not inconsistent with law, which . . . may govern the recognition and conduct of . . . attorneys . . . representing applicants or other parties before the Office, and may require them . . . to show that they are of good moral character and reputation and are possessed of the necessary qualifications to render to applicants or other persons valuable service, advice, and assistance in the presentation or prosecution of their applications or other business before the Office . . . .

From this authority, the PTO has issued regulations to govern the recognition of attorneys. Under 37 C.F.R. § 10.7(a)(2) (2003),[**] in order to be registered, an individual must establish that she is "[o]f good moral character and repute; . . . [p]ossessed of the legal, scientific, and technical qualifications . . . and . . . otherwise competent to advise and assist applicants for patents." An alien "may be registered . . . provided . . . [r]egistration is not inconsistent with the terms upon which the alien was admitted to, and resides in, the United States." 37 C.F.R. § 10.6(a). Aliens for whom registration would be inconsistent with legal restrictions imposed on them may, nevertheless, be granted "limited recognition," see id. § 10.9(b), a status which allows them to practice before the PTO, but confines their activities to those authorized by the Immigration and Naturalization Service ("INS"), now the United States Bureau of Citizenship and Immigration Services. With respect to nonimmigrant aliens, the PTO has interpreted

---

[**]  Effective July 26, 2004, the PTO changed its regulations pertaining to the representation of others. See 69 Fed. Reg. 35428 (June 24, 2004). As a result of these changes, sections 10.6, 10.7, and 10.9 were removed and reserved, and the applicable regulations governing the representation of others are now found at sections 11.6, 11.7, and 11.9. See 37 C.F.R. § 11 (2005). Sections 10.6, 10.7, and 10.9 were, however, the governing regulations for Lacavera's administrative action and her request for judicial review before the trial court. Hence, in reviewing the trial court's decision, we use sections 10.6, 10.7, and 10.9.

section 10.9(b) to dictate that they are not registered upon passing the patent examination, but rather are "given limited recognition under 37 CFR § 10.9(b) if recognition is consistent with the capacity of employment authorized by the INS." See PTO, General Requirements Bulletin (Nov. 3, 1999) ("GRB").

Lacavera, a Canadian citizen and nonimmigrant alien, began working in the United States as an attorney in September 2001 pursuant to a one year TN visa, which permitted her only to prepare and prosecute patent applications at the New York office of the White & Case law firm. In January 2002, Lacavera began the application process for recognition before the PTO, and she successfully passed the April 17, 2002, patent examination. Because of legal restrictions imposed by her visa, she was granted limited recognition. Although Lacavera's visa had a one year duration, she received timely extensions from the INS, and the PTO extended her limited recognition period accordingly. At the time this appeal was filed, Lacavera held an H-1B visa and, with the appropriate INS authorization, had changed employers. Her present visa has a three year duration and lists preparation and prosecution of patent applications for Google, Inc. as her sole employable activity. Her current limited recognition status is consistent with her work and time restrictions.

After Lacavera was initially granted limited recognition on July 8, 2002, she challenged the PTO's decision to deny her full registration. The PTO General Counsel denied her challenge, and Lacavera filed suit in the United States District Court for the District of Columbia under the Administrative Procedure Act, 5 U.S.C. §§ 702-706 (2000), claiming that (1) the PTO's decision was inconsistent with its regulations, (2) the regulations exceeded the authority of their enabling statute, and (3) the PTO's decision denied her equal protection. The trial court denied Lacavera's motion for summary

judgment and granted summary judgment in favor of the PTO. Lacavera appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## Discussion

We review the trial court's grant of summary judgment without deference, reapplying the same standard as the trial court. See Star Fruits S.N.C. v. United States, 393 F.3d 1277, 1281 (Fed. Cir. 2005). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Applying this standard, we reject each of Lacavera's arguments.

Lacavera contends that the PTO's decision was an abuse of discretion because it improperly found full registration inconsistent with the legal restrictions imposed by her visa. "An abuse of discretion occurs where the decision is based on an erroneous interpretation of the law, on factual findings that are not supported by substantial evidence, or represents an unreasonable judgment in weighing relevant factors." Star Fruits, 393 F.3d at 1281. The "scope of review under [this] standard is narrow and a court is not to substitute its judgment for that of the agency." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Ins. Co., 463 U.S. 29, 43 (1983). Moreover, "[a]n agency's interpretation of its own regulations is entitled to substantial deference and will be accepted unless it is plainly erroneous or inconsistent with the regulation." Star Fruits, 393 F.3d at 1282.

The PTO based its decision to grant limited recognition on the interpretation of section 10.9(b) found in the GRB, an interpretation that we believe reasonably interprets that regulation, and on its conclusion that Lacavera's visa restrictions were inconsistent

05-1204                                            4

with full recognition. Because granting Lacavera full registration would have given her PTO approval to do work in which she could not lawfully engage, we find no abuse of discretion in the PTO's determination that granting her full registration was inconsistent with the terms of her visa. Moreover, the decision to grant limited recognition with restrictions consistent with those in her visa correctly applied sections 10.6(a) and 10.9(b) and the GRB, and was, therefore, not an abuse of discretion or arbitrary and capricious.

Lacavera next argues that the PTO exceeded the authority granted to it by 35 U.S.C. § 2(b)(2) in promulgating regulations that take into account visa restrictions when determining whether or not to grant full recognition. Under 35 U.S.C. § 2(b)(2), the PTO has broad authority to govern the conduct of proceedings before it and to govern the recognition and conduct of attorneys. See Stevens v. Tamai, 366 F.3d 1325, 1333 (Fed. Cir. 2004). Because the PTO is specifically charged with administering this statute, we analyze a challenge to the statutory authority of its regulations under the Chevron framework. See United States v. Mead Corp., 533 U.S. 218 (2001); Chevron U.S.A. Inc. v. Natural Res. Def. Council, 467 U.S. 837 (1984). First, we determine whether the statute speaks to the issue of the challenge, and if it is silent or ambiguous, we defer to the agency's reasonable interpretation. See Chevron, 467 U.S. at 842-43.

In this case, the statute is silent as to whether the PTO may consider visa restrictions in determining whether or not to grant recognition. However, the statute states that the PTO "may require [applicants] . . . to show that they are . . . possessed of the necessary qualifications to render to applicants . . . valuable service." 35 U.S.C. § 2(b)(2)(D) (emphasis added). It was reasonable for the PTO to interpret legal

authority to render service as being a necessary qualification. Accordingly, it was reasonable for the PTO to enact regulations that limit an alien's ability to practice before it to those activities in which the alien may lawfully engage. Therefore, the PTO did not exceed its statutory authority in promulgating the regulations in question.

Finally, Lacavera contends that she was denied equal protection. We review her claim under the rational review standard. See Mathews v. Diaz, 426 U.S. 67, 78 (1976). Lacavera offered no evidence that she was treated unequally as compared to other aliens with visa restrictions, and therefore she suffered no individual equal protection violation. See City of Cleburne v. Cleburne Living, Inc., 473 U.S. 432, 439 (1985). Moreover, because the regulations in question are rationally related to a legitimate government interest, e.g., minimizing the unauthorized practice of law before the PTO and its attendant public harm, they do not violate the equal protection clause and are, therefore, valid. Id. at 440.

## Conclusion

Accordingly, the judgment of the United States District Court for the District of Columbia is affirmed.

## COSTS

No costs.

## AFFIRMED