NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1473

HERMAN DOUGLAS, SR.,

Plaintiff-Appellant,

v.

WAL-MART STORES, INC.,

Defendant-Appellee.

_____

DECIDED: December 18, 2006
_____

Before MAYER, RADER, and GAJARSA, Circuit Judges.

PER CURIAM.

Herman Douglas, Sr., appeals the final judgment of the United States District Court for the Eastern District of Pennsylvania, which, inter alia, granted summary judgment in favor of Wal-Mart Stores, Inc., on his claims for patent infringement, copyright infringement, trade dress infringement, false advertising, and unfair competition and trademark infringement. Douglas v. Wal-Mart Stores, Inc., 05-CV-0152 (E.D. Pa. Nov. 30, 2005) ("Summary Judgment Order"). We affirm.

Douglas owns U.S. Patent No. 5,664,272, which recites an "auto control pillow for cars, vans, trucks and tractors." It consists of one independent claim, i.e., claim 1,[*] and two dependant claims. On January 17, 2005, using certified mail, Douglas served Wal-Mart with a complaint alleging patent infringement based on its Güee neck massage pillow. However, the certificate of service stated that it had been sent using first class mail, an improper method of service under Pennsylvania law. See Douglas v. Wal-Mart Stores, Inc., 05-CV-0152, slip op. at 2, 2 n.1, 7 (E.D. Pa. March 11, 2005) ("Default Judgment Order"). Wal-Mart contacted Douglas about this putative defect, but he did not respond, and instead filed a motion for entry of default judgment. Id. at 7. The trial court denied Douglas' motion, and granted Wal-Mart's motion to set aside entry of default. Id. at 8; see also id. at 3 & n.3 (analyzing the parties' motions as if default had been properly entered by the clerk of the court, and describing the procedures for entry of default judgment in the Eastern District of Pennsylvania). Douglas then filed an amended complaint, setting forth additional claims for relief. The trial court granted summary judgment in favor of Wal-Mart on all of Douglas' asserted claims. Summary Judgment Order at 19.

---

[*]    Claim 1 provides for, in pertinent part:

A combined motor vehicle control pillow and tiltable steering wheel cover unit for straight highway driving comprising:
          a fabric covered foam piece;
          a hook and loop fastener strip mounted on one surface of said fabric covered foam piece; said hook and loop fastener strip being arranged to engage a steering wheel cover . . . ; and
          a U-shaped plastic retainer secured to the opposite surface of said fabric covered foam piece, said U-shaped plastic retainer being adapted to fit on a thigh of a driver of a motor vehicle . . . .

As an initial matter, the trial court did not abuse its discretion in denying Douglas' motion for entry of default judgment. See Emasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987) (providing that a trial court's decision to lift a default is reviewed for abuse of discretion, and is guided by the factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984)). In its answer to Douglas' motion for entry of default judgment, Wal-Mart set forth sufficient facts to establish a meritorious defense to the infringement claim. Because the Third Circuit has a strong policy in favor of deciding cases on the merits, see, e.g., Spain v. Gallegos, 26 F.3d 439, 454 (3d Cir. 1994), this factor weighs especially heavily in Wal-Mart's favor. Moreover, Douglas did not demonstrate how he would be prejudiced by the delay inherent in proceeding on the merits, and Wal-Mart's delay in filing its answer can reasonably be viewed as resulting from its belief that it had been improperly served. Default Judgment Order at 6-7.

With respect to the merits, we review the trial court's grant of summary judgment de novo, reapplying the same standard as the trial court. Lacavera v. Dudas, 441 F.3d 1380, 1382 (Fed. Cir. 2006); Martorana v. Bd. of Trs. of Steamfitters Local Union 420 Health, Welfare & Pension Fund, 404 F.3d 797, 801 (3d Cir. 2005). To prove literal infringement, Douglas must demonstrate that every limitation in an asserted claim is found in the accused device. Amhil Enters. v. Wawa, Inc., 81 F.3d 1554, 1562 (Fed. Cir. 1996). Wal-Mart demonstrated, inter alia, that its device does not have a "U-shaped plastic retainer being adapted to fit on a thigh of a driver of a motor vehicle," and Douglas did not enter any evidence to the contrary. Therefore, Wal-Mart does not literally infringe. Because Douglas does not point to anything in the accused device that

performs the function of the "U-shaped plastic retainer" in substantially the same way to obtain substantially the same result, there cannot be infringement under the doctrine of equivalents. See Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 40 (1997).

Douglas' remaining claims for relief fair no better. In order to maintain a claim for copyright infringement, he must prove, inter alia, that Wal-Mart had access to his copyrighted work. Dam Things from Den. v. Russ Berrie & Co., Inc., 290 F.3d 548, 561 (3d Cir. 2002). Douglas, however, failed to come forward with any specific evidence to prove access to his work, either directly or circumstantially, Summary Judgment Order at 12, and does not point to any evidence in the record that would otherwise suggest such access.

With respect to trade dress infringement, Douglas must show, inter alia, that the allegedly infringing feature is non-functional. Shire U.S., Inc. v. Barr Labs., Inc., 329 F.3d 348, 353 (3d Cir. 2003). As a threshold matter, however, he has not established what features of his device or packaging constitute the purported trade dress. Summary Judgment Order at 14. With respect to false advertising, Douglas must prove, inter alia, that Wal-Mart made false or misleading statements about its neck massage pillow or Douglas' products. Warner-Lambert Co. v. BreathAsure, Inc., 204 F.3d 87, 92 (3d Cir. 2000). However, he has not set forth evidence of any such statements. Finally, with respect to unfair competition and trademark infringement, Douglas must establish, inter alia, that he owns a legally protectable mark. Fisons Horticulture, Inc. v. Vigoro Indus., Inc., 30 F.3d 466, 472 (3d Cir. 1994); see also Summary Judgment Order at 15, 16 & n.7. His alleged mark, PLEASURABLE NECK

PILLOW, is at a minimum descriptive, and therefore cannot possibly enjoy legal protection without secondary meaning.  <u>A.J. Canfield Co. v. Honickman</u>, 808 F.2d 291, 297 (3d Cir. 1986).  Douglas, however, has not introduced any evidence suggesting that consumers associate his goods with his alleged mark.