NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1206, -1207

CONTECH STORMWATER SOLUTIONS, INC.

Plaintiff-Appellant,

v.

BAYSAVER TECHNOLOGIES, INC.
and ACCUBID EXCAVATION, INC.,

Defendants-Cross Appellants.


Stephen J. Butler, Thompson Hine LLP, of Cincinnati, Ohio, argued for plaintiff-appellant. With him on the brief was Jeffrey C. Metzcar, of Dayton, Ohio.

Joseph J. Zito, ZITO tlp, of Washington, DC, argued for defendants-cross appellants.

Appealed from: United States District Court for the District of Maryland

Judge Catherine C. Blake

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1206, -1207

CONTECH STORMWATER SOLUTIONS, INC.,

Plaintiff-Appellant,

v.

BAYSAVER TECHNOLOGIES, INC. and ACCUBID EXCAVATION, INC.,

Defendants-Cross Appellants.

_____

DECIDED: February 13, 2009

_____

Before MICHEL, Chief Judge, MOORE, Circuit Judge, and HUFF, District Judge. [*]

HUFF, District Judge.

Plaintiff-Appellant Contech Stormwater Solutions, Inc. ("Contech") sued Defendants-Cross Appellants Baysaver Technologies, Inc. and Accubid Excavation, Inc. (collectively, "Baysaver") in the United States District Court for the District of Maryland for infringement of U.S. Patent No. 5,707,527 (the '527 patent).[1]

Contech appeals the district court's grant of Baysaver's motion for summary judgment of noninfringement. Baysaver cross-appeals the district court's grant of summary

---

[*] Honorable Marilyn L. Huff, District Judge, United States District Court for the Southern District of California, sitting by designation.

[1] Contech also asserted U.S. Patent No. 6,027,639 in the action below.

judgment in favor of Contech on business tort and invalidity counterclaims, as well as the denial of Rule 11 sanctions. For the reasons stated below, we affirm.

## I. BACKGROUND

The case below involved the alleged infringement of patents that grant Contech rights to specific storm water filtration methods and apparatuses. The '527 patent was granted to Contech's predecessor in 1998. The '527 patent teaches a method of storm water filtration that utilizes replaceable water-permeable baskets and a "siphon effect." Asserted independent claim 1 reads as follows:

> 1. A method of treating storm water runoff, the method comprising:
> (a) allowing the runoff water to infiltrate through a water permeable outer surrounding wall of a basket containing a bed comprising material able to remove pollutants from the storm water;
> (b) treating the runoff water by removing pollutants from the storm water by passing the storm water through the bed contained within the basket to an interior drainage space;
> (c) establishing continuous fluid communication between the interior drainage space of the basket and a treated water outlet conduit;
> (d) siphoning treated water from the drainage space under gravity into the treated water outlet conduit; and
> (e) controlling a flow rate of the storm water through the basket to a lower rate than an initial infiltration capacity of the bed, the controlled lower rate allowing sufficient contact between the storm water runoff and the bed to remove a substantial proportion of at least one pollutant from the storm water runoff.

Also asserted in the claim below, but not at issue on appeal, was U.S. Patent No. 6,027,639 (the '639 patent) that issued from a continuation-in-part of the application for the '527 patent.

Contech claimed that Baysaver's marketing, manufacturing, and selling of the BayFilter storm water filtration device literally infringed the '527 patent. Baysaver's answer denied infringement and raised an invalidity defense to the '527 patent. Baysaver also filed business tort counterclaims arising from correspondence sent by Contech to Baysaver's

customers at the outset of the litigation. In February 2007, Baysaver moved for a Temporary Restraining Order (TRO) against Contech, citing the letter that Contech had sent to Baysaver's customers. In March 2007, the district court denied the TRO motion. In June 2007, Baysaver filed a motion for Rule 11 sanctions, claiming that Contech failed to conduct a reasonable pre-filing inquiry of the BayFilter device.

In September 2008, the district court filed a memorandum opinion, construing the disputed claim terms and granting Baysaver's motion for summary judgment of noninfringement. Contech Stormwater Solutions, Inc. v. Baysaver Techs., Inc., No. CCB-07-358 (D. Md. Sept. 25, 2007). The district court also denied Baysaver's motion for Rule 11 sanctions. In January 2008, the district court filed a memorandum opinion granting summary judgment for Contech on Baysaver's business tort and patent invalidity counterclaims, and ordered the case closed. Contech Stormwater Solutions, Inc. v. Baysaver Techs., Inc., 534 F. Supp. 2d 616 (D. Md. 2008). Both parties timely filed their appeals. We have jurisdiction over these appeals pursuant to 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

### A. Summary Judgment of Noninfringement

Contech appeals the district court's grant of summary judgment of noninfringement. A proper infringement analysis involves two steps: "first, the claims are construed, and second, the properly construed claims are applied to the accused devices." Elbex Video, Ltd. v. Sensormatic Elecs. Corp., 508 F.3d 1366, 1370 (Fed. Cir. 2007).

### 1. Claim Construction

Claim construction is a question of law reviewed de novo. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc). To construe a claim term, a court must determine the meaning of any disputed words from the perspective of one of ordinary skill in the pertinent art at the time of filing. Phillips v. AWH Corp., 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc). In determining the meaning of a disputed claim limitation, courts look primarily to the intrinsic evidence of record, examining the claim language, the specification, and the prosecution history. Id. at 1312-17. "It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the rights to exclude." Id. at 1312. Absent evidence to the contrary, words of a claim "are generally given their ordinary and customary meaning" as understood by a person of ordinary skill in the art. Id. at 1312-13.

However, claims "do not stand alone" and are read within the context of the specification, which is the single best guide to the meaning of disputed terms. Id. at 1315. The specification may expressly or impliedly define a claim term contrary to their ordinary meaning. See id. at 1321. "In examining the specification for proper context, however," it is improper to "at any time import limitations from the specification into the claims." CollegeNet, Inc. v. ApplyYourself, Inc., 418 F.3d 1225, 1231 (Fed. Cir. 2005) (citing Teleflex, Inc. v. Ficosa N. Am. Corp., 299 F.3d 1313, 1326 (Fed. Cir. 2002)).

We first address the construction of the claim term "through a water-permeable outer surrounding wall of a basket" found in step (a) of claim 1 of the '527 patent. '527 patent col.10 ll.1-2. The district court construed this phrase to require a basket "enclosed by vertical, porous walls that allow storm water to infiltrate the filter material following a

horizontal flow." Contech argues on appeal that this construction improperly imports limitations from the specification.

Turning first to the intrinsic evidence, the use of the term "outer surrounding wall" in the '527 patent is consistent with a meaning that contemplates a substantially vertical structure. The specification refers to an "outer surrounding wall" when describing the vertical surface of the cylindrical preferred embodiment. '527 patent col.6 ll.33-37, 43-47. By contrast, the specification describes the horizontal top and bottom of the cylindrical preferred embodiment as the "top" and "base" of the "basket." Id. This distinction is further evidenced by the specification describing the horizontal "top" and "base" as "engaging" the "upper end" and "lower end" of the "outer surrounding wall." Id. A person of ordinary skill in the art reading the specification would recognize that a substantially vertical surface–such as a wall that is slightly angled or slightly curved–is an "outer surrounding wall" and not a horizontal "top" or "base." Therefore, the language in the specification illustrates that the term "outer surrounding wall" refers to a substantially vertical surface.[2]

"[T]he distinction between [properly] using the specification to interpret the meaning of a claim and [improperly] importing limitations from the specification into the claim can be a difficult one to apply in practice." Phillips, 415 F.3d at 1323. As the district court correctly pointed out, this construction does not limit the claim to the preferred embodiment, as the claimed invention covers baskets of any shape with vertical walls, e.g., cylindrical or cubic, and is not required to be made with steel wire mesh. Furthermore, the "vertical"

---

[2]    Contech's argument that the terms "top" and "base" could refer to parts of the outer surrounding wall fails, as no modifier such as "side" is used to describe the vertical "outer surrounding wall."

requirement is not limited to the strictly vertical walls disclosed in the specification, but includes substantially vertical walls, such as walls that are slightly angled or slightly curved.

Contech argues that the district court ignored dictionary definitions that more broadly define "wall" as a "material layer enclosing space," which would cover any orientation of a surface, including vertical and horizontal. However, Contech "is not entitled to a claim construction divorced from the context of the [intrinsic evidence]." Nystrom v. TREX Co., 424 F.3d 1136, 1144-45 (Fed. Cir. 2005). Lacking evidence within the specification to support this broad construction, Contech's argument fails.

Even if "outer surrounding wall" is interpreted as Contech suggests, then the cylindrical preferred embodiment in the '527 patent would not satisfy another limitation of the claimed step. Namely, claim 1 also requires that the "outer surrounding wall" is "water-permeable." The district court construed the term "water-permeable" as "porous, and therefore capable of permitting storm water infiltration." Contech argues that the correct construction only requires that a portion of the "outer surrounding wall" is "water-permeable." This argument is not supported by the evidence in the record. Specifically, the '639 patent, also asserted in the action below, illustrates the difference between "water-permeable" and merely having discrete portions of a surface that allow water to infiltrate. The disclosure in the '639 patent is relevant for claim construction of the earlier '527 patent claim because the '639 patent was issued to the same inventors from a continuation-in-part of the '527 patent. See, e.g., Mantech Envtl. Corp. v. Hudson Envtl. Servs., Inc., 152 F.3d 1368, 1375 & n.11 (Fed. Cir. 1998).

The '639 patent discloses a preferred embodiment that has "a base . . . of water-impermeable material . . . [that] includes a series of spaced slots . . . for permitting

sediment particles to flow through." '639 patent col.6 ll.19-29. The '639 patent also claims "a cylindrical external housing comprising means for admitting air into the housing proximate a lower end of the housing." Id. at col.8 ll.65-67. This indicates that a person of ordinary skill in the art would recognize a distinction between a water-permeable surface and a water-impermeable surface with discrete openings. Therefore, the entire "water-permeable outer surrounding wall" claimed in the '527 patent should be construed as being porous, such as to allow infiltration of storm water. In light of this construction, Contech's assertion that the "outer surrounding wall" of the preferred embodiment disclosed in the '527 patent includes both the "top" and "base" water-impermeable horizontal surfaces would improperly exclude the preferred embodiment from claim 1. See Vitrionics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1583 (Fed. Cir. 1996) (noting that "a construction which would result in excluding the preferred, and only, embodiment "is rarely, if ever, correct").

Therefore, Contech's preferred construction is untenable, and the district court's construction was proper.[3] It is not necessary to review the disputed constructions of additional claim terms because the lack of the "vertical" limitation in the allegedly infringing BayFilter device is sufficient to find noninfringement. See Southwall Techs., Inc. v. Cardinal IG Co., 54 F.3d 1570, 1575 (Fed. Cir. 1995).

2. Infringement

---

[3]    Contech further argues that the district court's inclusion of "horizontal flow" in its construction ignores the limitation in dependent claim 2 which requires "wherein the allowing of step (a) comprises allowing the storm water to flow horizontally through the bed, the bed disposed in a space between the water permeable outer wall of the basket and an inner water-permeable wall of the basket." See Phillips, 415 F.3d at 1314-15 ("[T]he presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is not present in the independent claim."). Baysaver counters that claim 2 does not add the "horizontal flow" limitation, but rather adds the "inner water-permeable wall" limitation not present in claim 1.

A district court's grant of summary judgment is reviewed <u>de novo</u>. <u>Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.</u>, 149 F.3d 1309, 1315 (Fed. Cir. 1998). Summary judgment is appropriate if no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. <u>Id.</u> In order for a product to literally infringe a patent, "every limitation set forth in a claim must be found in [the] accused product, exactly." <u>Southwall</u>, 54 F.3d at 1575.

Therefore, in order to infringe step (a) of claim 1 of the '527 patent, a storm water filtration method must allow "runoff water to infiltrate through a water-permeable outer surrounding basket." Correctly construed, this requires that an infringing device allows storm water runoff to infiltrate through a porous, substantially vertical surrounding wall. The BayFilter has a water-impermeable vertical surrounding wall. Because the BayFilter does not have a porous, substantially vertical surrounding wall, it could not infringe step (a) of claim 1 of the '527 patent.

As a matter of law, the BayFilter device does not infringe at least one element of claim the '527 patent. Therefore, the district court's grant of summary judgment of noninfringement in favor of Baysaver was proper.

### B. Counterclaims, Invalidity, and Rule 11 Sanctions

Baysaver appeals the district court's grant of Contech's summary judgment motion with regard to business tort counterclaims arising from an allegedly threatening letter sent by Contech to Baysaver's customers. A grant of summary judgment is reviewed <u>de novo</u>, "reapplying the same standard as the trial court." <u>Lacavera v. Dudas</u>, 441 F.3d 1380, 1382 (Fed. Cir. 2006). "[T]he plain language of Rule 56(c) mandates the entry of summary

---

Notably, the direction of flow does not affect the infringement analysis.

judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To prevail on the counterclaims, Baysaver had to (1) show that "the underlying infringement claim is objectively baseless", and (2) "that it was asserted in bad faith." Globetrotter Software, Inc. v. Elan Computer Group, Inc., 362 F.3d 1367, 1375-77 (Fed. Cir. 2004). To satisfy the "objectively baseless" element, Baysaver had to prove by clear and convincing evidence that "no reasonable litigant could realistically expect success on the merits." Id. at 1376-77 (quoting Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 60 (1993)); see also Golan v. Pingel Enter., Inc., 310 F.3d 1360, 1371 (Fed. Cir. 2002).

The district court correctly held that Baysaver failed to establish the "objectively baseless" element. The only evidence offered by Baysaver concerned the subjective "bad faith" element, and therefore, was insufficient as a matter of law to prove the "objectively baseless" element. See Dominant Semiconductors Sdn. Bhd. v. Osram GmbH, 524 F.3d 1254, 1264 (Fed. Cir. 2008) ("Dominant's focus on the contention that there was no indication that [patentee's counsel] had performed a sufficient analysis, though arguably relevant on the issue of subjective intent, had nothing to do with the issue of whether [counsel's] contentions were objectively baseless."(emphasis in original)).

Baysaver further contends that additional evidence was improperly excluded by the district court that would have established causation and damages. Under the applicable Fourth Circuit precedent, we find no abuse of discretion. See Microstrategy Inc. v. Bus. Objects, S.A., 429 F.3d 1344, 1349 (Fed. Cir. 2005); see also S. States Rack & Fixture,

Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). Therefore, summary judgment on the business tort counterclaims in favor of Contech was proper.[4]

Baysaver also appeals the district court's denial of Rule 11 sanctions. A district court's Rule 11 ruling is reviewed for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 208 F.3d 981, 984 (Fed. Cir. 2000). Baysaver claims that Contech failed to conduct a reasonable pre-filing inquiry of the alleged infringing device. However, the record includes Contech's response that it conducted a "detailed analysis of the claimed structure and function of the BayFilter." Therefore, the district court did not abuse its discretion by denying the motion.

## III. CONCLUSION

The district court correctly granted summary judgment of noninfringement of the '527 patent and the other issues detailed above. Therefore, we affirm.

---

[4] Baysaver further argues that the district court's alternative basis for granting summary judgment in favor of Contech on the grounds that Baysaver failed to demonstrate causation and damages was in error. This alternative basis was proper, as Baysaver failed to "set out specific facts," as required by Fed. R. Civ. P. 56(e).