NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-1026
(Opposition No. 91190283)


DANNIEL SADEH,

Appellant,

v.

W. JOSEPH BIGGS,

Appellee.


Danniel Sadeh, of Panama City Beach, Florida, pro se.

Ryan T. Santurri, Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A., of Orlando, Florida, for appellee.

Appealed from:  United States Patent and Trademark Office
Trademark Trial and Appeal Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-1026
(Opposition No. 91190283)

DANNIEL SADEH,

Appellant,

v.

W. JOSEPH BIGGS,

Appellee.

Appeal from the United States Patent and Trademark Office,
Trademark Trial and Appeal Board.

_____

DECIDED:    May 12, 2010
_____

Before MAYER, SCHALL, and DYK, Circuit Judges.

PER CURIAM.

Danniel Sadeh appeals the order of the United States Patent and Trademark Office, Trademark Trial and Appeal Board dismissing his opposition to the trademark application filed by W. Joseph Biggs. See Sadeh v. Biggs, No. 91190283 (TTAB Aug. 11, 2009). We affirm.

On May 19, 2009, Sadeh filed an opposition against Biggs' application to register the mark PANAMA CITY BEACH BIKE WEEK. On June 29, 2009, Biggs filed a motion to dismiss Sadeh's opposition. Sadeh did not respond to this motion. On August 11,

2009, the board granted Biggs' motion as conceded and dismissed Sadeh's opposition with prejudice. Sadeh filed a motion for reconsideration with the board, but that motion was denied on March 31, 2010.

"When a party fails to file a brief in response to a motion, the Board may treat the motion as conceded." 37 C.F.R. § 2.127(a). Sadeh does not argue that there were extenuating circumstances justifying his failure to respond to Biggs' motion to dismiss. Instead, he asserts that he was not obliged to respond to the motion since his "notice of opposition was bullet proof as far as being able to withstand any motion to dismiss because of its legal sufficiency."

In proceedings before the board, "[l]itigation is run by rules designed to assure orderly conduct of the proceedings." Chesebrough-Pond's, Inc. v. Faberge, Inc., 618 F.2d 776, 780 (CCPA 1980). One such rule is that a party must submit a timely response to a motion from an opposing party. Id. Because Sadeh failed to respond to Biggs' motion to dismiss and has proffered no adequate explanation for his failure to do so, the board did not abuse its discretion in dismissing his opposition. See id. (affirming a decision to treat a motion for summary judgment as conceded when the non-moving party failed to file a brief in response to the motion); Central Mfg. Inc. v. Third Millenium Tech., Inc., 61 U.S.P.Q.2d 1210 (TTAB 2001) (treating a motion to dismiss as conceded where no response to the motion was filed); see also Lacavera v. Dudas, 441 F.3d 1380, 1383 (Fed. Cir. 2006) (emphasizing that the Patent and Trademark Office "has broad authority to govern the conduct of proceedings before it").