NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JINYANG GUO,**

*Plaintiff-Appellant*

**v.**

**MICHELLE K. LEE, DIRECTOR, U.S. PATENT AND TRADEMARK OFFICE,**

*Defendant-Appellee*

---

2017-1244

---

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:16-cv-00536-AJT-IDD, Judge Anthony J. Trenga.

---

Decided: April 5, 2017

---

JINYANG GUO, Hayward, CA, pro se.

LAURA MYRON, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by MARK R. FREEMAN, BENJAMIN C. MIZER, DANA J. BOENTE; SYDNEY O. JOHNSON, JR., ROBIN CRABB, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

---

Before TARANTO, SCHALL, and STOLL, *Circuit Judges.*

PER CURIAM.

Jinyang Guo submitted an application to the United States Patent and Trademark Office for registration to practice before it as a patent agent representing patent applicants. Due to restrictions on his employment based on his status as a nonimmigrant alien, the PTO's Office of Enrollment and Discipline ("Enrollment Office") denied Mr. Guo's application. The Director of the PTO then approved the denial, and the United States District Court for the Eastern District of Virginia affirmed the Director's decision. Agreeing with the district court that the Director's decision was not arbitrary, capricious, an abuse of discretion, or contrary to law, we affirm.

I

Mr. Guo, a citizen of the People's Republic of China, is lawfully present in the United States on an F-1 student visa. In May 2014, he received a Juris Doctor degree from Washington University in St. Louis. The next May, he received a Master's Degree in electrical engineering from the same university.

As a nonimmigrant alien, *see* 8 U.S.C. § 1101(a)(15)(F)(i), Mr. Guo is subject to restrictions on the type of employment he can pursue and accept, *see* 8 C.F.R. § 274a.12(c)(3). Mr. Guo holds an F-1 nonimmigrant student visa, which authorizes its holder to "apply to [United States Citizenship and Immigration Services (USCIS)] for authorization for temporary employment for optional practical training directly related to the student's major area of study." 8 C.F.R. § 214.2(f)(10)(ii)(A). Shortly before receiving his Master's Degree in May 2015, Mr. Guo filed an Optional Practical Training application for temporary employment to pursue work in the area of electrical and electronics engineering. USCIS approved

Mr. Guo's application. Mr. Guo subsequently accepted an internship position "as a technical advisor" with S&P Law, LLC, a Chinese law firm, at its office in Sunnyvale, California. Appellee's Suppl. App'x 34.

About the same time, Mr. Guo applied to the PTO's Enrollment Office for registration to practice before the PTO. On July 6, 2015, the Enrollment Office denied the application for incompleteness, explaining that Mr. Guo failed to show that he is

> authorized to be employed in a capacity of representing patent applicants before the USPTO by preparing and prosecuting their patent applications. . . . Representing patent applicants before the USPTO is the practice of law. [Mr. Guo] reside[s] in the United States on an F-1 visa. The documentation [Mr. Guo] submitted indicates [his] field of study, Electrical and Electronics Engineering. However, this field is not the practice of law and does not include representing patent applicants by preparing and prosecuting their applications.

*Id.* at 38. The Enrollment Office invited Mr. Guo to submit additional information.

Mr. Guo responded to the denial with a letter arguing that his background in the field of electrical engineering sufficed to permit him to register to practice in front of the PTO and that denial of his application violated his equal protection and due process rights. The Enrollment Office replied that "it is not clear that the USCIS approved [Mr. Guo's] Optional Practical Training to include preparation and prosecution of patent applications before the [PTO]." *Id.* at 45. Mr. Guo answered with another letter, which primarily reasserted his previous arguments. The Enrollment Office in turn asked Mr. Guo to submit additional documentation related to his ability to work in the United States in the legal field.

Mr. Guo then submitted a petition for review to the Director of the Enrollment Office, which denied the petition. Mr. Guo thereafter filed a petition for review with the Director of the PTO. The Director affirmed the denial of Mr. Guo's application for registration to practice before the PTO.

Mr. Guo filed a pro se complaint in the United States District Court for the Eastern District of Virginia. The district court construed the complaint as a petition for review under 35 U.S.C. § 32. The district court affirmed the denial of Mr. Guo's application for practice before the PTO based on a review of the administrative record, and it dismissed, for lack of jurisdiction, Mr. Guo's claims for monetary damages resulting from the denial of his PTO registration application. Order, *Jinyang Guo v. Lee*, No. 116-cv-00536-AJT-IDD (E.D. Va. Oct. 11, 2016), ECF No. 11 ("Order").

Mr. Guo appeals the decision upholding the denial of his registration application (not the dismissal of money-damages claims). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II

We review a district court's decision based on a review of the administrative record de novo. *Bannum, Inc. v. United States*, 404 F.3d 1346, 1351 (Fed. Cir. 2005); *Forsyth Mem'l Hosp., Inc. v. Sebelius*, 639 F.3d 534, 537 (D.C. Cir. 2011). Pursuant to the Administrative Procedure Act, the PTO decision denying Mr. Guo's application must be affirmed, as relevant here, unless it is "arbitrary, capricious, an abuse of discretion, . . . otherwise not in accordance with the law[, or] . . . unsupported by substantial evidence." 5 U.S.C. § 706(2); *see Bender v. Dudas*, 490 F.3d 1361, 1365–66 (Fed. Cir. 2007).

The PTO has broad authority to regulate attorneys' and agents' practice before it. The PTO

> may govern the recognition . . . of agents[] [and] attorneys . . . and may require them, before being recognized as representatives of applicants or other persons, to show that they are of good moral character and reputation and are possessed of the necessary qualifications to render to applicants or other persons valuable service, advice, and assistance in the presentation or prosecution of their applications or other business before the [PTO].

35 U.S.C. § 2(b)(2)(D). Pursuant to that authority, the PTO enacted various regulations that govern the registration of patent attorneys and patent agents to practice before the PTO. Several provisions directly address such registration by aliens.

Under 37 C.F.R. § 11.6, an alien may register as a patent attorney or patent agent to practice before the PTO "provided that such registration is not inconsistent with the terms upon which the alien was admitted to, and resides in, the United States." 37 C.F.R. § 11.6(a), (b). That requirement is echoed in 37 C.F.R. § 11.7, which provides: "To enable the [Enrollment Office] Director to determine whether an individual has the qualifications [to practice before the PTO] . . . [aliens shall] provide proof that recognition is not inconsistent with the terms of their visa or entry into the United States." 37 C.F.R. § 11.7(b)(1)(i)(D). The PTO's General Requirements Bulletin further explains:

> An applicant must establish that recognition is consistent with the capacity of employment authorized by the United States Citizenship and Immigration Services (USCIS). . . . Qualifying documentation would show that the USCIS has authorized the applicant to be employed or trained in the capacity of representing patent applicants before the USPTO by preparing and prosecuting their patent applications.

Office of Enrollment & Discipline, U.S. Patent & Trademark Office, *General Requirements Bulletin*, § III.E, at 9 (July 2015), https://www.uspto.gov/sites/default/files/OED _GRB.pdf.

## III

We agree with the district court that Mr. Guo did "not meet his burden of showing that the PTO's decision denying his application for admission to practice before it was arbitrary, capricious, an abuse of discretion or otherwise contrary to law." Order at 3. The PTO, under its regulations, could properly insist on evidence that registration would be within the limited work authorization Mr. Guo had from USCIS. And it could reasonably conclude that Mr. Guo simply had not shown that the authorization encompassed registration with the PTO.

The Optional Practical Training form identified Mr. Guo's primary major as electrical and electronics engineering. The form says nothing about representing patent applicants before the PTO. Without more than what the form stated, the Director could reasonably deem such representation to be not authorized.

The Supreme Court long ago recognized that "the preparation and prosecution of patent applications for others constitutes the practice of law." *Sperry v. Florida ex rel. Fla. Bar*, 373 U.S. 379, 383 (1963); *see also In re Queen's Univ. at Kingston*, 820 F.3d 1287, 1296 (Fed. Cir. 2016). While technical understanding is important to practice before the PTO, the law-practice aspect of the work is hardly incidental. It was reasonable, therefore, for the PTO to decline to treat an Optional Practical Training authorization keyed to Mr. Guo's engineering studies as implicitly encompassing the inherently legal work of a patent agent. Indeed, the regulation governing the Optional Practical Training program speaks of work "directly related to the student's major area of study." 8 C.F.R. § 214.2(f)(10)(ii)(A). It was reasonable for the PTO

to view the patent-agent work as not "directly related" to Mr. Guo's engineering studies—or, more narrowly, as not so evidently meeting that standard as to compel a conclusion that the training-authorization form, despite its silence on the subject, encompassed the PTO registration.

The reasonableness of the PTO's conclusion on this record requires rejection not only of Mr. Guo's nonconstitutional Administrative Procedure Act challenges to the denial of registration, but also of his equal protection and due process constitutional challenges. In this case, Mr. Guo's equal protection claim is reviewed under the rational-basis standard. *Lacavera v. Dudas*, 441 F.3d 1380, 1383–84 (Fed. Cir. 2006). And this court already has held that it is reasonable for the PTO to "limit an alien's ability to practice before it to those activities in which the alien may lawfully engage" under the terms of authorizations set by organs of the federal government outside the PTO. *Id.* at 1383. Thus, taking the USCIS authorization as a given, and not seeking to alter it, the PTO simply interpreted the extent of the work Mr. Guo was authorized to perform as a person here on a limited student visa. Moreover, Mr. Guo presented no evidence that he was treated worse than other aliens in his class, *e.g.*, aliens with visa restrictions similar to his. *Id.* at 1384 ("Lacavera offered no evidence that she was treated unequally as compared to other aliens with visa restrictions, and therefore she suffered no individual equal protection violation.").

The PTO also did not deny Mr. Guo due process in denying his application. He had notice of the requirements of registration at issue, because the regulations and PTO Bulletin quoted *supra* state those requirements clearly. And he was given full process in his particular proceeding, including an ample opportunity to add evidence after identification of the relevant deficiencies.

CONCLUSION

For the foregoing reasons, we affirm the order of the United States District Court for the Eastern District of Virginia.

No costs.

**AFFIRMED**