NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALBERTO SOLAR SOMOHANO,**
*Appellant*

**v.**

**THE COCA-COLA COMPANY,**
*Appellee*

**UNITED STATES,**
*Intervenor*

---

2020-1406

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 91250956.

---

Decided: September 16, 2021

---

ALBERTO SOLAR SOMOHANO, Miami, FL, pro se.

JOHN C. RAWLS, Baker Williams Matthiesen LLP, Houston, TX, for appellee. Also represented by SARAH ANNE SILBERT.

JENNIFER UTRECHT, Appellate Staff, Civil Division,

United States Department of Justice, Washington, DC, for intervenor.  Also represented by BRIAN M. BOYNTON, SCOTT R. MCINTOSH, MELISSA N. PATTERSON; THOMAS L. CASAGRANDE, CHRISTINA J. HIEBER, THOMAS W. KRAUSE, FARHEENA YASMEEN RASHEED, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

———————————

Before REYNA, HUGHES, and STOLL, *Circuit Judges*.

REYNA, *Circuit Judge*.

Appellant Alberto Solar Somohano challenges a decision by the Trademark Trial and Appeal Board granting Appellee The Coca-Cola Company's unopposed motion to dismiss.  For the following reasons, we affirm.

BACKGROUND

On September 17, 2019, Appellant filed a Notice of Opposition before the Trademark Trial and Appeal Board, opposing an application by Coca-Cola to register the trademark "COCA-COLA ENERGY" on the Principal Register.  J.A. 43–60; *see* U.S. Trademark Appl. Serial No. 88/385,628.  The Board issued a Notice of Institution that same day.  J.A. 61–67.

On September 18, 2019, Appellant moved to stay the Opposition until this court ruled on related appeals in which Appellant argued that the Board's administrative trademark judges are unconstitutionally appointed because they are not appointed by the President of the United States.  J.A. 67–70.  Coca-Cola opposed the motion to stay.  J.A. 71–76.

On October 28, 2019, with the motion to stay still pending, Coca-Cola moved to dismiss the Opposition pursuant to Federal Rule of Civil Procedure 12(b)(6) and Trademark Trial and Appeal Board Manual of Procedure ("TBMP") section 503.02.  J.A. 115–23.  Because the motion was

potentially dispositive, the Board suspended all proceedings pending disposition of Coca-Cola's motion. J.A. 125–26; *see* 37 C.F.R. § 2.127(d).

On January 7, 2020, the Board granted Coca-Cola's motion to dismiss because Appellant failed to oppose the motion. *Alberto S Somohano v. The Coca-Cola Co.*, Opp. No. 91250956, 2020 WL 103769, at *1 (T.T.A.B. Jan. 7, 2020). Appellant's response to Coca-Cola's motion to dismiss was due on November 18, 2019, twenty days after Coca-Cola filed its motion. 37 C.F.R. § 2.127(a) ("[A] brief in response to a motion shall be filed within twenty days . . . ."). The Board also noted that Appellant's motion to stay was moot in light of the dismissal. *Id.* at *1 n.1.

Now, Appellant challenges the dismissal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(B).

## DISCUSSION

We review the Board's grant of a motion to dismiss de novo. *See Sunrise Jewelry Mfg. Corp. v. Fred S.A.*, 175 F.3d 1322, 1324 (Fed. Cir. 1999).

To start, we note that Appellant does not dispute that he failed to oppose Coca-Cola's motion. Thus, the Board did not err in granting dismissal. In proceedings before the Board, "[w]hen a party fails to file a brief in response to a motion, the Board may treat the motion as conceded." *Sadeh v. Biggs*, 374 F. App'x 996, 997 (Fed. Cir. 2010) (quoting 37 C.F.R. § 2.127(a)); *see also* TBMP § 502.04. "Litigation is run by rules designed to assure orderly conduct of the proceedings. One of those rules is the timely submission of briefs . . . ." *Chesebrough-Pond's Inc. v. Faberge, Inc.*, 618 F.2d 776, 780 (C.C.P.A. 1980) (affirming Board's grant of an unopposed motion to dismiss); *accord Sadeh*, 374 F. App'x at 997. Here, Appellant did not oppose Coca-Cola's motion to dismiss. Thus, the Board was entitled to grant the motion.

We also note that Appellant's sole argument on appeal lacks merit.  Specifically, Appellant challenges the authority of the Board's administrative trademark judges, who Appellant contends were unconstitutionally appointed. *See* Appellant's Opening Br. 6, 8.  This court recently explained, however, that the appointment of administrative trademark judges to the Board is not unconstitutional because the trademark statutes grant the Director of the U.S.P.T.O. significant supervisory control over administrating trademark judges, such that those judges are inferior officers.  *See Piano Factory Grp., Inc. v. Schiedmayer Celesta GmbH,* No. 2020-1196, — F.4th —, —, 2021 WL 3889834, at \*3–7 (Fed. Cir. Sept. 1, 2021).

CONCLUSION

For the aforementioned reasons, we affirm the Board's dismissal of Opposition No. 91250956.

**AFFIRMED**

COSTS

No costs.