# United States Court of Appeals for the Federal Circuit

06-3178

RICHARD L. GODBOUT,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Richard L. Godbout, of Tuscola, Texas, pro se.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Bryant G. Snee, Assistant Director. Of counsel on the brief was Paul St. Hillaire, Attorney, Office of Personnel Management, of Washington, DC.

Appealed from:  United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

06-3178

RICHARD L. GODBOUT,

                                              Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

                                              Respondent.

_____

DECIDED:  October 25, 2006

_____

Before MAYER, RADER, and LINN, Circuit Judges.

Opinion for the court filed by Circuit Judge RADER.  Dissenting opinion filed by Circuit Judge MAYER.

RADER, Circuit Judge.

   Mr. Godbout appeals a decision from the Merit Systems Protection Board (Board) affirming an Office of Personnel Management (OPM) decision to recover annuity overpayments.  See Godbout v. Office of Pers. Mgmt., DA-0845-05-0383-I-1 (Aug. 8, 2005) (Board Decision).  The Board affirmed the finding that an overpayment had occurred and denied Mr. Godbout's appeal of the overpayment because he did not request a waiver from OPM.  Finding no reversible error, this court affirms.

I.

   In its reconsideration decision, OPM determined that it had overpaid Mr. Godbout $35,820.55 in civil service annuity benefits.  Board Decision at 2.  OPM announced that

the agency would collect the overpayment by deducting monthly installments from Mr. Godbout's Federal Employees' Retirement System (FERS) annuity payments. Id. at 2-3.

At the time of his retirement in 1994, Mr. Godbout "indicated on his retirement application that he was awarded military retired pay 'for a disability incurred in combat or caused by an instrumentality of war.'"[1] Id. at 2. Based on that declaration, OPM included his active duty in the computation of his FERS annuity benefits. More than ten years later, OPM learned from the Military Retired Pay Center that Mr. Godbout's disability did not occur in combat or by an instrumentality of war. Id. Accordingly, Mr. Godbout's annuity benefits should not have included his active duty years. OPM requested the information about Mr. Godbout's disability in 1995. The record on appeal does not show a reason for the lapse of ten years before recalculation of Mr. Godbout's annuity based on the Military Retired Pay Center's determination.

The Board found that OPM met its burden of proving the overpayment. Id. at 6. Specifically, the Board determined that the record showed "that OPM received certification that [Mr. Godbout's] disability was not incurred in enemy combat or caused by an instrumentality of wa[r]." Id. Thus, the Board held that Mr. Godbout had received an overpayment of $35,820.55. Id. The Board further held that appellant had not met his burden to allow waiver of the overpayment. Id. at 7-8. Finally, the Board determined that equity and good conscience did not bar recovery of the overpayment. Id.

---

[1]  Mr. Godbout suffers from Meniere's Syndrome and Disease which arose because of his military duties as a Section Leader for the Davy Crockett nuclear weapons system.

On appeal, Mr. Godbout argues that the overpayment was not his fault and seeks a waiver. Specifically, he argues that Navy personnel helped him complete his forms and informed him that his disability qualified for credit because it occurred during a period of war. Further he asserts the ten years of delay before notifying him of an overpayment absolves him of responsibility.

In response, the Government argues that Mr. Godbout did not properly request a waiver. Mr. Godbout admits that he did not check the box to request reconsideration by OPM. Moreover, he did not complete the necessary financial questionnaire for assessment of the waiver. Thus, the Government argues, the Board should never have considered Mr. Godbout's waiver request, nor should it be considered on appeal.

II.

This court may reverse a decision of the Board only if the decision is arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C § 7703(c); Hayes v. Dep't of Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

This court finds no reason on appeal to disturb the Board's decision that OPM met its burden of proving an overpayment. OPM showed that Mr. Godbout, whose injury did not occur during wartime, was not entitled to service credit for his military service. Therefore, this court affirms the Board's finding of an overpayment. Board Decision at 6-7.

Section 8470(b), United States Code, Title 5, governs the Government's recovery of overpayments:

(b) Recovery of payments . . . may not be made from an individual when, in the judgment of the Office, the individual is without fault and recovery would be against equity and good conscience.

By its terms, section 8470(b) prohibits any recovery of payments when OPM has made a finding that an individual is without fault and that recovery would be against equity and good conscience. The statute is silent, however, as to whether recovery is permitted when no finding has been made at all, and as to when OPM must seek to make a finding. To implement this statutory scheme, OPM requires a waiver to trigger the finding obligation. In other words, without a waiver request, OPM will not undertake an investigation into fault and equity. Because this practice represents a reasonable interpretation of a statute within its purview to implement, this court acknowledges and upholds the OPM trigger requirement. Chevron v. Natural Def. Res. Council Inc., 467 U.S. 837, 844 (1984). Thus, the Government argues, Mr. Godbout is not entitled to a consideration of waiver of the debt because he did not check the box on the form sent to him by OPM when he was initially informed that OPM had discovered its overpayment.

In retort, Mr. Godbout states that he did not check the waiver box because, based on the definition of "waiver" provided on the form, it would be an acknowledgement of fault on his part (i.e., that he knew all these years of the overpayments.) OPM's form directs an individual to check the waiver box when an individual acknowledges that an overpayment has been made but seeks to waive an overpayment. Thus, Mr. Godbout interpreted OPM's form to mean that a request for waiver would acknowledge, but seek to avoid responsibility for, an overpayment. Because Mr. Godbout challenged the occurrence of an overpayment (based on his

06-3178                                          4

reliance on Navy Human Resources Personnel in completing his annuity forms in the first place he never realized he was being paid in excess), he did not check the box for a waiver.  Thus, Mr. Godbout requested reconsideration, but not waiver, of the overpayment.

This court notes that OPM retains the discretion in these circumstances to undertake a fault and equity finding without a formal waiver request.  According to the Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and the Federal Employees' Retirement System, I.A.5, Retirement and Insurance Service, U.S. Office of Personnel Management (May 1995) (Policy Guidelines), in a situation such as this, where an "overpayment debtor requests reconsideration, but not waiver, and in the course of reviewing the reconsideration request it becomes clear that the debtor is without fault, a pre-request waiver should be considered and granted if all the conditions for a waiver are fulfilled.  If all the conditions for a waiver are not fulfilled, the reconsideration letter should not address the waiver issue."  The conditions of waiver are met if OPM determines that the debtor is without fault and recovery would be against equity.  Id., I.A.1.  Thus, OPM retains discretion to waive repayment in some instances without a waiver request.  Id., I.A.5.  Nonetheless, the requirement for a waiver to trigger a mandatory finding in the "judgment of the Office" remains in place.  5 U.S.C. § 8470(b); Policy Guidelines, I.A.5.  Unless specifically requested by the debtor, the Office has no obligation to make fault and equity findings. Policy Guidelines, I.A.5.

Here, in OPM's February 18, 2005, letter to Mr. Godbout addressing the discovery of the overpayment, OPM addresses the entire question neutrally: "An

overpayment has resulted due to a delay in re-computing your annuity where the non-creditable military service was excluded from your annuity computation." OPM makes no finding about fault. Moreover, the initial decision letter also contains no OPM findings about responsibility for the lengthy delay – a contributing factor in both the fault and equity decisions.

Later, in its reconsideration decision dated April 14, 2005, OPM identifies that "the inclusion of military service in the computation of your annuity benefits was erroneous." This decision notes that Mr. Godbout "indicated on [his] retirement application that [he was] awarded military retired pay for a disability incurred in combat." Thus, OPM attributes fault to Mr. Godbout in his incorrect annuity application. The reconsideration decision did not consider or attribute fault to the lengthy delay. The reconsideration decision is silent about waiver and without a waiver request, OPM does not formally address waiver in the reconsideration letter. Therefore, either OPM considered waiver and determined that all the conditions for waiver were not present, or OPM did not consider the issue of waiver period.

Because OPM did not discuss the issue of waiver in its reconsideration letter the Board could not reach the question of waiver. In simple terms, waiver was not before the Board. In its discretion, OPM can weigh the equities without the waiver request. In the absence of the request, however, Mr. Godbout did not trigger a finding "in the judgment of the Office" under the statute. Therefore, the Board also could not reach a finding on waiver. Although the Board purports to affirm OPM's finding of waiver, this court determines that OPM did not make such a finding. In practical effect, however, the Board affirms OPM. This court perceives no reason to disturb that result.

COSTS

Each party shall bear its own costs.

<u>AFFIRMED</u>

# United States Court of Appeals for the Federal Circuit

06-3178

RICHARD L. GODBOUT,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

MAYER, Circuit Judge, dissenting.

Because 5 U.S.C. § 8470(b) is not ambiguous, and the Office of Personnel Management ("OPM") has incorrectly interpreted it, I dissent from the majority's contrary view.

Section 8470(b) provides, "Recovery of payments . . . may not be made from an individual when, in the judgment of the Office, the individual is without fault and recovery would be against equity and good conscience." Under OPM's interpretation of the statute, a determination about fault and equity occurs only upon a waiver request or at its discretion. See Ante at 3-5. Accordingly, it invariably does not make a determination respecting some individuals who are in fact without fault and from whom recovery is against equity and good conscience, and recovers from them. The statute explicitly provides, however, that recovery may not be had under these circumstances. The only way to prevent such recovery, and thereby give meaning to Congress' intent, is for OPM

to automatically make a determination of fault and equity whenever recovery is sought. See Lacavera v. Dudas, 441 F.3d 1380, 1383 (Fed. Cir. 2006) (setting forth our analysis under the Chevron framework). Accordingly, I would send the case back to OPM so it can conduct the inquiry of fault and equity mandated by section 8470(b).