NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3131

GARY R. ALEXANDER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Gary R. Alexander, of Ft. Worth, Texas, pro se.

Armando Rodriguez-Feo, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director.  Of counsel on the brief was Jo Ann Chabot, Office of Personnel Management, of Washington, DC.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3131

GARY R. ALEXANDER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DA0845070079-I-1.

_____

DECIDED: July 11, 2008

_____

Before LINN, Circuit Judge, CLEVENGER, Senior Circuit Judge, and MOORE, Circuit Judge.

PER CURIAM.

Gary R. Alexander ("Alexander") seeks review of a final decision of the Merit Systems Protection Board ("Board"), which affirmed a determination by the Office of Personnel Management ("OPM") that his retirement annuity had been overpaid by $53,766.89. Alexander v. Office of Pers. Mgmt., No. DA0845070079-I-1 (M.S.P.B. Feb. 27, 2007) ("Decision"), review denied, Alexander v. Office of Pers. Mgmt., No. DA0845070079-I-1 (M.S.P.B. Dec. 6, 2007). Because the Board correctly concluded that it lacked jurisdiction to consider waiver of repayment, we affirm.

Alexander retired from active duty with the U.S. Army in February 1987 and began drawing military retirement pay. In June 1987, he commenced employment with

the Foreign Service of the U.S. Department of State. In February 1997, Alexander transferred to employment with the General Services Administration ("GSA"). In August 2001, he accepted early retirement from GSA under the Federal Employees' Retirement System ("FERS"). On his retirement application, Alexander marked the box indicating that he was drawing military retired pay and that he was not waiving that annuity in order to include his military service in the FERS computation.

OPM, however, mistakenly included Alexander's military service when calculating his FERS annuity, which resulted in a much higher payment than Alexander was entitled to receive. In 2006, after discovering the error, OPM recalculated Alexander's annuity and reduced it. OPM also concluded, based on Alexander's receipt of the erroneously high annuity payments over several years, that he had been overpaid by $53,766.89. OPM indicated that it intended to collect the overpayment.

Alexander requested reconsideration of OPM's determination. Although Alexander made various contentions relating to additional service credit and the amount of the overpayment, he did not request a waiver of the overpayment or mark the box on the OPM form requesting such a waiver. On October 18, 2006, OPM issued its final decision on Alexander's request for reconsideration, in which it affirmed the initial determination that he was overpaid by $53,766.89. Alexander timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

Our scope of review of Board decisions is defined and limited by statute. See 5 U.S.C. § 7703(c). "The agency's action in this case must be affirmed unless it is found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having

been followed; or (3) unsupported by substantial evidence." <u>Hayes v. Dep't of the Navy</u>, 727 F.2d 1535, 1537 (Fed. Cir. 1984). "The petitioner bears the burden of establishing error in the Board's decision." <u>Harris v. DVA</u>, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

On appeal, Alexander does not dispute the overpayment. Rather, he asserts error in the Board's failure to "address the issue that OPM would not consider either a wavier [sic] or an offer of settlement." As noted above, however, Alexander did not request a waiver from OPM, and unless specifically requested, OPM has no obligation to undertake an inquiry into waiver of repayment. <u>Godbout v. Office of Pers. Mgmt.</u>, 466 F.3d 1375, 1378 (Fed. Cir. 2006). Because OPM did not reach the issue of waiver, it was therefore not properly before the Board. <u>Id.</u> at 1379 ("Because OPM did not discuss the issue of waiver in its reconsideration letter the Board could not reach the question of waiver. In simple terms, waiver was not before the Board."). Therefore, the Board properly found that it lacked jurisdiction to address waiver of repayment. <u>Decision</u> at 3 (citing <u>Godbout</u>). The decision of the Board is <u>affirmed</u>.

COSTS

No costs.