## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TAMARA C. LUSK,<br>              Appellant, | DOCKET NUMBER<br>DE-0845-15-0178-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>              Agency. | DATE: September 11, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

David W. Parker, Esquire, Salt Lake City, Utah, for the appellant.

Roxann Johnson, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1        The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which reversed OPM's reconsideration decision finding that the appellant had received an overpayment of $20,505 in retirement benefits. For the reasons discussed below, we GRANT OPM's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision's finding that OPM failed to establish the amount certain owed by the appellant as a result of the overpayment, and REMAND the case to the field office for further adjudication in accordance with this Order.

## BACKGROUND

¶2 The appellant submitted an application for disability retirement under the Federal Employees' Retirement System (FERS) in May 2008. Initial Appeal File (IAF), Tab 4 at 26-30. OPM approved her application in October 2008. *Id*. at 38-39. In the approval letter, OPM notified the appellant that she was required to apply for Social Security disability benefits, that she must notify OPM immediately of the amount and effective date of any award of benefits, and that she would need to withhold her Social Security disability payments for the first 12 months to pay OPM for the reduction in FERS benefits caused by the receipt of Social Security disability benefits. *Id*. In March 2010, the Social Security Administration (SSA) notified the appellant that she had originally been entitled to Social Security disability benefits beginning in April 2009, and therefore awarded her retroactive benefits for the prior period and monthly benefits beginning in March 2010. *Id*. at 21-23. Later in March 2010, the appellant notified OPM that she had been awarded Social Security disability benefits. *Id*. at 20. In April 2011, OPM received verification from SSA that the appellant had been approved for benefits effective April 2009. *Id*. at 17.

¶3 OPM notified the appellant in April 2011, that she had been overpaid for the period from April 2009, to April 2011, in the amount of $20,505 and that it would collect this overpayment in monthly installments beginning in August 2011. IAF, Tab 4 at 11-12. OPM also informed the appellant of her right to seek reconsideration of the amount or existence of the overpayment or to seek waiver of the overpayment or adjustment of the monthly recovery amount. *Id*. at 12-13. In May 2011, the appellant sought reconsideration. *Id*. at 9-10. In her request for reconsideration, she stated, "I would like to see a breakdown of how this figure

was determined." *Id*. at 10. She did not submit a request for waiver or adjustment of the repayment schedule at that time. *See id*. at 9-10.

¶4    OPM did not issue its reconsideration decision until January 2015. IAF, Tab 4 at 5-7. In its decision, OPM stated that the appellant began receiving an annuity in March 2009, based upon 60% of her high-three average salary and, beginning in April 2010, the annuity was recomputed to 40% of her high-three average salary. *Id*. at 5. OPM further stated that, although the appellant became entitled to Social Security disability benefits for the period beginning in April 2009, OPM did not adjust her annuity, as is required by 5 U.S.C. § 8452(a)(2)(A), until April 2011. *Id*. at 5-6. OPM determined that she was therefore overpaid $20,505. *Id*. at 5. Finally, because the appellant did not submit a Financial Resources Questionnaire (FRQ), OPM found that she had not shown that collection of the overpayment would cause financial hardship. *Id*. at 7.

¶5    The appellant timely appealed OPM's reconsideration decision. IAF, Tab 1. She argued, inter alia, that: (1) repaying the overpayment would cause her financial hardship; (2) OPM should have reduced her monthly payments when the overpayment was identified; (3) she was not at fault regarding the overpayment and was compliant with OPM's instructions regarding reporting her Social Security disability decision; and (4) her monthly payments of the overpayment should be reduced to $50 or less per month. *Id*. On appeal, the appellant also submitted a FRQ dated in January 2015. *Id*. OPM responded, asserting that the appellant should have set aside any Social Security disability award amount she received plus any subsequent annuity overpayments that she received. IAF, Tab 4 at 4. OPM also asserted that the Board lacks jurisdiction over the issue of waiver of the overpayment because the issue was not addressed in its reconsideration decision and that, regardless, waiver of the collection of the overpayment was precluded. *Id*.

¶6      At the telephonic hearing, the appellant testified, inter alia, that her annuity calculation should have accounted for the payment of attorney's fees and costs that she incurred in pursuing her Social Security disability benefits.  IAF, Tab 10, Hearing Compact Disc (HCD).  She also testified that she received no explanation of how her benefits were calculated and that she should be able to assert her entitlement to a waiver of the overpayment at any time.  HCD.  OPM responded to the appellant's testimony by stating that it was required to reduce her annuity and to seek the overpayment and that there is no provision for reducing the overpayment based upon the payment of attorney's fees and costs.[2]  HCD.

¶7      The administrative judge issued an initial decision reversing OPM's reconsideration decision.  IAF, Tab 12, Initial Decision (ID).  Specifically, he found that the appellant was overpaid due to her receipt of Social Security disability benefits, but that OPM failed to establish an amount certain owed by the appellant as a result of the overpayment.  ID at 5 (citing *Grasso v. Office of Personnel Management*, 76 M.S.P.R. 299, 301 (1997)).  The administrative judge found that OPM properly calculated the appellant's average pay.  ID at 4.  However, he found that OPM erred in its FERS Paid and Due Calculation worksheet because, although the worksheet stated that the appellant was paid $1,654 per month for the period from April 1, 2010, through April 30, 2011, only one such monthly payment was included in the calculation of payments received.  ID at 4.  Additionally, the administrative judge found that the worksheet contained an error in its calculation of the rate that the appellant should have received per month when considering the offset for her Social Security disability.  *Id.*  By applying the formula set forth in 5 U.S.C. § 8452(a)(2)(A), the administrative judge determined that the appellant should have received $596 per

---

[2] The appellant has cited no authority, and we can find none, for the proposition that she is entitled to such a reduction in repaying any overpayment based upon her payment of attorney's fees and costs in pursuing her Social Security disability award.  *See* 5 U.S.C. § 8452(a)(2)(A).

month for the first 12 months and $523 per month thereafter, as opposed to the $841 per month calculated by OPM.  ID at 4.

¶8          OPM has timely petitioned for review.  Petition for Review (PFR) File, Tab 1.  In its petition, OPM asserts that, although the administrative judge was correct that it miscalculated the number of months the appellant was overpaid, he erred in finding that the monthly rates that OPM reported also contained errors. *Id*. at 6.  Specifically, OPM asserts that, in computing the monthly rates, the administrative judge failed to take into account 5 U.S.C. §§ 8415, 8452(d)(1), which generally provides that, if the calculation under 5 U.S.C. § 8452 for a disability annuity rate is less than the computation of the appellant's earned annuity rate under 5 U.S.C. § 8415, then OPM must pay the appellant the earned annuity rate.  *Id*.  Thus, OPM asserts that it correctly calculated the appellant's disability rate for the period in question as $841 per month.[3]  *Id*.  OPM therefore asserts that the Board should reverse the initial decision to the extent that it forecloses the recovery of the $20,505 overpayment.  *Id*.  OPM notes that this amount is less than the amount it should have alleged that the appellant was overpaid, but asserts that this is the amount certain that it has established on appeal.[4]  *Id*.  The appellant filed an untimely motion for an extension of time to

---

[3] On petition for review, OPM states that it calculated the appellant's monthly annuity rate as follows:  $49,648 (appellant's average annual salary) x 20.75 (retirement factor reflecting the appellant's 20 years and 9 months of service) x 1% (appellant's earned rate under 5 U.S.C. § 8415) x .98 (appellant's part-time proration factor consistent with 5 U.S.C. § 8415(g)(1)(B)) = $10,095 ÷ 12 months = $841 (appellant's new monthly rate).  PFR File, Tab 1 at 11 n.3.

[4] OPM states that it should have alleged an overpayment of $30,261.  PFR File, Tab 1 at 12.  This figure is based on the calculation that the appellant was paid a total of $51,286 (($2,482 (appellant's old monthly rate at 60% of her average pay) x 12 months (from April 2009 through March 2010)) + ($1,654 (appellant's old monthly rate at 40% of her average pay) x 13 months (from April 2010 through April 2011)), but should have been paid a total of $21,025 ($841 (appellant's new monthly rate or earned annuity rate) x 25 months (from April 2009 through April 2011)).  *Id*.

file a response. PFR File, Tab 5. The Clerk of the Board denied the appellant's motion.[5] PFR File, Tab 6 (citing 5 C.F.R. § 1201.114(f),(g)).

## ANALYSIS

¶9      OPM bears the burden of proving the existence and amount of an annuity overpayment by preponderant evidence.[6] *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 10 (2011); 5 C.F.R. § 845.307(a). Where the Board cannot determine on the record before it whether the annuitant received an overpayment in the amount asserted, but where OPM's evidence, if clarified through additional explanatory material, could establish the existence and amount of the overpayment, the Board may remand the appeal to provide OPM the opportunity to clarify its evidence. *See Cohron v. Office of Personnel Management*, 96 M.S.P.R. 466, ¶¶ 22-23 (2004).

¶10     OPM failed to explain below that, pursuant to 5 U.S.C. § 8452(d)(1), its calculation of the appellant's new annuity rate was based upon her earned annuity rate. On petition for review, OPM asserts that, in calculating the appellant's earned annuity rate, it relied on an average salary of $49,648, service of 20 years and 9 months, and a .98 part-time proration factor. PFR File, Tab 1 at 11.

---

[5] Subsequently, the appellant filed a response in which her representative stated that his motion was untimely because he was not informed that OPM filed a petition for review until the day before he filed the motion for an extension of time. PFR File, Tab 5. We do not accept the appellant's untimely motion and untimely response because the document distribution log for the Board's e-Appeal Online System indicates that the petition for review was distributed to the registered e-filers in this matter on June 11, 2015, and the petition for review acknowledgment letter was distributed to the registered e-filers in this matter on June 15, 2015. PFR File, Tabs 1-2. Additionally, as a registered e-filer, the appellant's representative was responsible for monitoring case activity on the e-Appeal Online Repository to ensure that he received all case-related documents and for ensuring that email from @mspb.gov was not blocked by filters. *See* IAF, Tab 8; 5 C.F.R. § 1201.14 (j)(2)-(3). However, on remand, the appellant will have the opportunity to respond to OPM's assertions.

[6] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

However, based upon our review of the appellant's individual retirement record, we cannot easily discern how OPM calculated these figures. This is particularly true because the appellant's work history included part-time employment, leave without pay, and receipt of Office of Workers' Compensation Programs benefits. IAF, Tab 4 at 33-37. Thus, even if we consider OPM's explanations offered for the first time on review, we cannot determine whether OPM has proven an amount certain that the appellant received in overpayment. We therefore remand the appeal for additional clarification by OPM. *See Cohron*, 96 M.S.P.R. 466, ¶ 23. On remand, the administrative judge should direct OPM to submit additional evidence and argument regarding how it calculated the overpayment and the appellant should be afforded an opportunity to present additional evidence and argument in response to any submission by OPM. *Id*. The administrative judge shall convene another hearing if requested by the appellant. *Id*.

¶11　　To the extent that the appellant now raises the issue of waiver of any overpayment and the adjustment of any repayment schedule, the Board does not have jurisdiction over these issues because OPM did not issue a final reconsideration decision regarding them. *See Godbout v. Office of Personnel Management*, 466 F.3d 1375, 1379 (Fed. Cir. 2006) (finding that, because OPM did not discuss the issue of waiver of the overpayment in its reconsideration decision, the Board could not reach the issue). Therefore, if the administrative judge finds that OPM has proven an amount certain in overpayment, he should remand the appeal to OPM for issuance of a reconsideration decision regarding the issue of waiver of the overpayment, and, if applicable, the adjustment of a repayment schedule.

**ORDER**

¶12      For the reasons discussed above, we REMAND this case to the field office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.