UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

TAMARA C. LUSK,

       Appellant,

          v.

OFFICE OF PERSONNEL
   MANAGEMENT,

       Agency.

DOCKET NUMBER
DE-0845-15-0178-B-1

DATE: April 14, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David W. Parker, Esquire, Salt Lake City, Utah, for the appellant.

Roxann Johnson, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the remand initial decision, which found that the Office of Personnel Management (OPM) established the existence and amount of an overpayment and that OPM must issue a reconsideration decision regarding the issue of waiver of the overpayment and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

adjustment of the repayment schedule. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision as to the existence and amount of the overpayment, which is now the Board's final decision concerning this issue. 5 C.F.R. § 1201.113(b). We agree with the administrative judge that it is necessary for OPM to issue a reconsideration decision regarding the issue of waiver of the overpayment, and, if applicable, the adjustment of a repayment schedule. Thus we FORWARD the appellant's claim regarding her possible entitlement to a waiver of the overpayment and adjustment of a repayment schedule to OPM.

## BACKGROUND

¶2      OPM approved the appellant's application for disability retirement under the Federal Employees' Retirement System (FERS) in October 2008. *Lusk v. Office of Personnel Management*, MSPB Docket No. DE-0845-15-0178-I-1, Initial Appeal File (IAF), Tab 4 at 38-39. In March 2010, the Social Security Administration (SSA) awarded the appellant benefits retroactive to April 2009, and monthly benefits beginning in March 2010. *Id*. at 21. Later in March 2010,

the appellant notified OPM that she had been awarded Social Security disability benefits. *Id*. at 20.

¶3        OPM notified the appellant in April 2011, that she had been overpaid for the period from April 2009 to April 2011, in the amount of $20,505, and that it would collect this overpayment in monthly installments beginning in August 2011. IAF, Tab 4 at 11-12. In May 2011, the appellant sought reconsideration. *Id*. at 9-10. OPM did not issue its reconsideration decision until January 2015. *Id*. at 5-7. In its decision, OPM determined that the appellant was overpaid $20,505. *Id*. at 5.

¶4        The appellant timely appealed OPM's reconsideration decision. IAF, Tab 1. After holding a telephonic hearing, the administrative judge issued an initial decision reversing OPM's reconsideration decision. IAF, Tab 12, Initial Decision (ID). Specifically, he found that the appellant was overpaid due to her receipt of Social Security disability benefits but that OPM failed to establish an amount certain owed by the appellant as a result of the overpayment. ID at 5. The administrative judge found that OPM erred in its FERS Paid and Due Calculation worksheet because, although the worksheet stated that the appellant was paid for the period from April 1, 2010 through April 30, 2011, only one such monthly payment was included in the calculation of payments received. ID at 4. Additionally, the administrative judge found, by applying the standard for computing a disability annuity rate under 5 U.S.C. § 8452(a)(2)(A), that the worksheet contained an error in its calculation of the rate that the appellant should have received per month when considering the offset for her Social Security disability benefits. *Id.*

¶5        OPM timely petitioned for review. *Lusk v. Office of Personnel Management*, MSPB Docket No. DE-0845-15-0178-I-1, Petition for Review File, Tab 1. In its petition, OPM asserted that, although the administrative judge correctly found that it miscalculated the number of months the appellant was overpaid from April 1, 2010 through April 30, 2011, OPM correctly calculated

the appellant's annuity rate under 5 U.S.C. §§ 8415, 8452(d)(1), which generally provides that, if the calculation under 5 U.S.C. § 8452 for a disability annuity rate is less than the computation of the appellant's earned annuity rate under 5 U.S.C. § 8415, then OPM must pay the appellant the earned annuity rate. *Id*. at 6. OPM therefore asserted that the Board should reverse the initial decision to the extent that it foreclosed the recovery of the $20,505 overpayment. *Id*. OPM noted that this amount was less than the overpayment that it should have alleged because it only included 1 month for the period from April 1, 2010 through April 30, 2011, but asserted that this was the amount certain that it had established on appeal. *Id*.

¶6    The Board vacated the initial decision and remanded the appeal for further adjudication. *Lusk v. Office of Personnel Management*, MSPB Docket No. DE−0845-15-0178-I-1, Remand Order (Sept. 11, 2015) (Remand Order). Specifically, we found that the record did not allow us to determine whether OPM had proven an amount certain and thus remanded the appeal to: (1) allow OPM to submit additional evidence and argument regarding how it calculated the overpayment; and (2) give the appellant the opportunity to present additional evidence and argument in response to any submission by OPM. *Id*. at 7. We also found that, to the extent that the appellant was raising the issue of waiver of any overpayment and the adjustment of any repayment schedule, if the administrative judge found that OPM proved an amount certain in overpayment, he should order OPM to issue a reconsideration decision regarding waiver of the overpayment, and, if applicable, the adjustment of the repayment schedule. *Id*.

¶7    On remand, on October 6, 2015, the administrative judge ordered OPM to submit additional evidence and argument regarding how it calculated the overpayment no later than October 21, 2015, and stated that the appellant may, but was not required to, respond to OPM's submission no later than November 2, 2015. Remand File (RF), Tab 2. OPM responded. RF, Tab 4. However, the appellant did not respond. The administrative judge issued an initial decision finding that OPM met its burden of establishing the amount of the overpayment

by preponderant evidence.  RF, Tab 5, Remand Initial Decision (RID) at 7. Specifically, he found that OPM established that the appellant was overpaid $30,261 and thus he concluded that the agency met its burden of establishing, by a preponderance of the evidence, the lesser amount of $20,505.  *Id*.  He also found that OPM must issue a reconsideration decision regarding the issues of waiver of the overpayment and/or the adjustment of the repayment schedule.  *Id*.

¶8        The appellant has filed a timely petition for review.  Remand Petition for Review (RPFR) File, Tab 1.  OPM has responded in opposition to the appellant's petition.  RPFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9        The appellant argues on review that the new documentation submitted by OPM did not comply with the Board's order to explain the gaps or inconsistencies in its records and that the hearsay evidence provided by OPM is inherently unreliable, untrustworthy and noncredible and should therefore be inadmissible. RPFR File, Tab 1 at 5, 9-10.  These are not arguments that the appellant raised below, and therefore, the Board need not consider them for the first time on review. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

¶10       However, even if we did consider these arguments, they would not provide a basis for disturbing the initial decision.  On remand, OPM submitted an explanation of how it computed the appellant's annuity, a payment history from SSA, a part-time computation worksheet, and a corrected paid and due calculation.  RF, Tab 4 at 4-9.  We find that this evidence is responsive to the Board's remand order.  Specifically, the order stated that we could not discern how OPM calculated an average salary of $49,648, Federal service of 20 years and 9 months, and a .98 part-time proration factor and thus we could not determine whether OPM proved an amount certain.  Remand Order at 6-7.  We find that this information is responsive, because, along with the salary information from the appellant's individual retirement record, it is possible to

calculate her average pay, her years of service, and her part-time proration factor. IAF, Tab 4 at 33-37; *see* 5 U.S.C. § 8401(3).

¶11    Additionally, to assail hearsay evidence, an appellant needs to offer specific inaccuracies or discrepancies, show the material was not routinely made in the ordinary course of business, or establish the material is inherently unreliable, untrustworthy, or noncredible. *See Wisecup v. Office of Personnel Management*, 30 M.S.P.R. 191, 193-94, *aff'd*, 809 F.2d 790 (Fed. Cir. 1986) (Table).  The appellant asserts that OPM submitted paid and due calculations that were prepared specifically for litigation, contradict one another, and do not show what OPM actually paid to her.[2]  RPFR File, Tab 1 at 10.  However, a master printout and other documents produced by OPM in the ordinary course of business are sufficient to establish by a preponderance of the evidence that the appellant was overpaid.  *See Harris v. Office of Personnel Management*, 55 M.S.P.R. 21, 23 (1992).  These calculations, which would have been prepared in the ordinary course of business, were corrected to reflect that the appellant was paid for 13 months between April 1, 2010 through April 30, 2011, RF, Tab 4 at 9, as opposed to the prior paid and due calculations that showed that she was paid for 1 month during that time, IAF, Tab 4 at 8.  This correction does not demonstrate that the paid and due calculation is otherwise unreliable.   Thus, the appellant's general argument that this evidence does not "actually show what has been paid," RPFR File, Tab 1 at 10, also does not provide a basis for discrediting the evidence.

---

[2] The appellant cites *Levine v. Office of Personnel Management*, 72 M.S.P.R. 549, 552 (1996), in which the Board found that, where an annotated computer printout submitted by OPM did not contain entries for the annuity that accrued for a certain time period, OPM's representative's unsworn pleading did not establish an overpayment for that period.  RPFR File, Tab 1 at 10.  We find that *Levine* is not applicable here because OPM is not seeking to recover an overpayment for a period not covered by its paid and due calculations.

¶12     Furthermore, we agree with the administrative judge that OPM established the existence and amount of the overpayment.  ID at 5-7.  OPM has the burden of proving, by a preponderance of the evidence,[3] the existence and amount of an overpayment.  *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 10 (2011); 5 C.F.R. § 845.307(a).  OPM submitted a paid and due calculation indicating that it paid the appellant $2,482 per month from April 1, 2009 to March 30, 2010, and $1,654 per month from April 2010 to April 2011, for a total of $51,286, when it should have paid her $841 per month in annuity benefits during this period for a total of $21,025, thus resulting in a $30,261 overpayment.  RF, Tab 4 at 9.

¶13     We find that the values in the paid and due calculation are supported by the record.  OPM computed the appellant's average pay as $49,648.  *Id*. at 5.  This computation is supported by the individual retirement record that OPM previously submitted, *id*. at 34-36, along with the part-time computation that OPM submitted on remand, *id*. at 8.  *See* 5 U.S.C. § 8415(a),(g).  OPM further explained that, consistent with 5 U.S.C. § 8452(d)(1), it used the appellant's earned annuity rate in its calculation of her monthly annuity benefit, as computed under 5 U.S.C. § 8415, as opposed to her disability retirement annuity rate, because her earned annuity rate was greater.  RF, Tab 4 at 4.  OPM stated that it calculated the appellant's monthly earned annuity rate as follows:  $49,648 (the appellant's average annual salary) x 20.75 (retirement factor reflecting the appellant's 20 years and 9 months of service) x 1% (the appellant's earned rate under 5 U.S.C. § 8415) x .98 (the appellant's part-time proration factor consistent with 5 U.S.C. § 8415(g)(1)(B)) = $10,095 ÷ 12 months = $841 (the appellant's new monthly rate).  RF, Tab 4 at 5-6.  These inputs also are supported by the record.  IAF,

[3] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

Tab 4 at 33-37; RF, Tab 4 at 8. Accordingly, the record supports OPM's determination that it should have paid the appellant $841 per month in FERS disability annuity benefits for a total of $21,025 for the period from April 1, 2009 to March 30, 2010. Instead, OPM paid the appellant $51,286, resulting in an overpayment of $30,261. RF, Tab 4 at 9. Thus, we agree with the administrative judge that, even though the amount OPM seeks to recover appears to be less than the total overpayment, OPM has met its burden of establishing that the appellant received the $20,505 overpayment. *See Grasso v. Office of Personnel Management*, 76 M.S.P.R. 299, 301 (1997) (holding that, where OPM shows that an annuitant received an overpayment in an amount certain for a period covered by the reconsideration decision under appeal, it may recover that amount, even if the amount is less than the total overpayment amount claimed in the reconsideration decision).

¶14    We have considered the appellant's argument that the overpayment amount should be offset by the attorney's fees she has incurred. RPFR File, Tab 1 at 13−15. However, as previously stated, the appellant has cited no authority, and we can find none, for the proposition that she is entitled to such a reduction in repaying any overpayment based upon her payment of attorney's fees and costs. *See* 5 U.S.C. § 8452.

¶15    We also have considered the appellant's arguments on review that: (1) she is entitled to waiver of the overpayment; (2) recovery would be unconscionable under the circumstances; and (3) if the overpayment is not waived, the repayment schedule should be adjusted. RPFR File, Tab 1 at 11-12. However, the Board does not have jurisdiction over the issues of waiver and/or adjustment of the repayment schedule because OPM did not issue a final reconsideration decision regarding those issues. *See Godbout v. Office of Personnel Management*, 466 F.3d 1375, 1379 (Fed. Cir. 2006). Therefore, we agree with the administrative judge that it is necessary for OPM to issue a reconsideration decision and we FORWARD to OPM the appellant's claim regarding her possible

entitlement to a waiver of the overpayment and adjustment of a repayment schedule. *See, e.g.*, *Ruskin v. Office of Personnel Management*, 73 M.S.P.R. 544, 551 (1997).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono

representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:           _____

                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.